**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Carter, | No. CV-16-00770-TUC-DCB (EJM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Greg Burgess, et al., | |
| Defendants. | |

This civil action for damages involves a dispute between Plaintiff Paul Carter and Defendants Oro Valley Police Department Officers Greg Burgess, Robert Goddard, Shawn Benjamin, Michael Gaare, and Marshall Morris. Plaintiff alleges that on December 13, 2013, Defendants, while acting in their capacity as law enforcement officers and government agents of the Oro Valley Police Department, wrongfully detained and arrested him for DUI after they stopped him for speeding. Plaintiff's claims are based on 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 1).

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 23). Defendants allege that Plaintiff's claims are barred by the statute of limitations. Plaintiff concedes that the suit was untimely filed, but argues that the Court should apply equitable tolling to allow his case to proceed. (Doc. 28).

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 29). The motion has been fully

briefed, and the Court heard oral argument from the parties on August 15, 2018. For the reasons stated below, the Magistrate Judge recommends that the District Court enter an ordering granting Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2013, Officer Burgess pulled Plaintiff over for alleged speeding. (Doc. 1 at 3). Plaintiff had a previous conviction for misdemeanor DUI and an ignition interlock device installed in his vehicle. *Id*. Officer Burgess was suspicious of Plaintiff's behavior and asked whether he had any drugs or alcohol that day. *Id.* at 4. Plaintiff felt that Officer Burgess was not conducting the traffic stop properly and asked him to call for a sergeant to assist. *Id*. Officer Goddard arrived on the scene and he and Officer Burgess conducted field sobriety testing and a breathalyzer. *Id.* at 5. The Officers believed Plaintiff was under the influence of an intoxicating agent and placed Plaintiff under arrest for felony DUI. *Id.*

On August 20, 2014, Plaintiff was indicted on three felony counts, and his initial appearance and arraignment were held on August 28, 2014. (Doc. 23 at 1). On October 30, 2014, the court granted Plaintiff's Motion for a Rule 11 Competency Examination, and on November 24, 2014, the court found that Plaintiff was competent to stand trial. (Doc. 23 Ex. A at 27–28). On December 10, 2014, on motion by the prosecution, Plaintiff's charges were dismissed without prejudice. *Id.* at 30–32.

On December 12, 2016, Plaintiff filed his Complaint in this action. (Doc. 1). On May 25, 2017, the Court dismissed the case due to Plaintiff's failure to timely serve the defendants. (Doc. 12). On January 26, 2018, the Court granted Plaintiff's motion for reconsideration and reinstated the case. (Doc. 14). Defendants then filed the present motion to dismiss. (Doc. 23).

## II. STANDARD OF REVIEW

A statute of limitations defense may be raised in a motion under Federal Rule of Civil Procedure 12(b)(6) if the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir. 1980). The Court

must "accept as true the facts alleged in the complaint," *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1171 (9th Cir. 1999), and "must draw inferences in the light most favorable to the plaintiff." *Barker v. Riverside County Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009) (citation omitted). "The party opposing a motion to dismiss based on a statute of limitations defense bears the burden of proving the statute has been tolled." *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 85 (App. 2007) (internal quotations and citation omitted).

When considering a motion to dismiss, the Court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, the Court finds it may properly take judicial notice of the court records from Plaintiff's criminal proceedings attached to Defendants' motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2011).

### III. ANALYSIS

To determine whether a claim is time-barred, the court examines four factors: (1) which statute of limitations period applies; (2) when the plaintiff's cause of action accrued; (3) when the plaintiff filed his or her claim; and (4) whether the running of the limitations period was suspended or tolled for any reason. *Porter v. Spader*, 239 P.3d 743, 746 (Ariz. Ct. App. 2010).

As to the first factor, in § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 266, 274–76 (1985); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Both parties agree that under Arizona law, a claimant has two years to raise a personal injury claim before the statute of limitations runs. *See* A.R.S. § 12–542; *Madden–Tyler v. Maricopa County*, 189 Ariz. 462 (App. 1997).[1]

---

[1] However, while the parties do not address this, the undersigned notes that A.R.S. § 12-542 applies to personal injury claims against private individuals, whereas A.R.S. § 12-821 states that claims against public employees and public entities shall be brought within one year.

- 3 -

As to the second factor, federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. *Lukovsky*, 353 F.3d at 1048. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. Here, Defendants argue that Plaintiff's cause of action accrued at the time his Fourth Amendment rights were allegedly violated by his seizure and arrest, and no later than at the time of his initial appearance and arraignment. (Doc. 23 at 2). In *Wallace*, the Supreme Court held that the statute of limitations for a § 1983 false arrest claim begins to run when the claimant is detained pursuant to legal process. 549 U.S. at 390–91, 396 (finding that statute of limitations commenced when petitioner "appeared before the examining magistrate and was bound over for trial" and rejecting petitioner's contention that statute did not begin to run until the state dropped the charges and he was released from custody). Thus, pursuant to *Wallace*, Plaintiff's cause of action accrued no later than August 28, 2014—the date of his initial appearance and arraignment.[2]

As to the third factor, Plaintiff filed his Complaint in this matter on December 12, 2016. Because Plaintiff's cause of action accrued no later than August 28, 2014, the Complaint was untimely filed nearly four months after the two year statute of limitations period expired.

As to the fourth factor, state law governs questions of tolling for § 1983 suits. *Wallace*, 549 U.S. at 394. In Arizona, the statute of limitations may be tolled if a plaintiff was prevented from filing the action "due to sufficiently inequitable circumstances" or "extraordinary circumstances beyond plaintiffs' control." *McCloud*, 217 Ariz. at 87 (internal quotations and citations omitted); *see also Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1177 (9th Cir. 2017) (holding that equitable tolling "permits a court to pause a statutory time limit when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."). The doctrine

---

[2] Plaintiff does not specifically state an exact date that he believes his cause of action accrued, but agrees that the statute of limitations is two years and concedes that his complaint was untimely filed. (Doc. 28 at 2).

of equitable tolling should be used only sparingly. *McCloud*, 217 Ariz. at 88; *see also Porter*, 239 P.3d at 746 (holding that "[o]ur legislature has provided for the . . . tolling of a limitations period only in very limited and specified situations").

Plaintiff urges the Court to apply equitable tolling because he was confused about when to file this action because his court-appointed counsel in his criminal case incorrectly advised him not to file his civil rights action until his criminal case was resolved. (Doc. 28 at 1–2). Plaintiff further states that he has mental health issues that compounded his confusion.

The Court finds that the pendency of Plaintiff's criminal prosecution did not toll the statute of limitations. *See Wallace*, 549 U.S. at 392–93 (no federal tolling while a criminal prosecution is pending); *Amon-Ra v. City of Sierra Vista*, 2016 U.S. Dist. LEXIS 154155, *2 (D. Ariz. Nov. 4, 2016) ("Plaintiff's purported argument that the statute of limitations did not begin to run until the criminal case was dismissed is simply incorrect . . . [and] Plaintiff's possible mistaken belief . . . is not an extraordinary circumstance entitling him to equitable tolling."). Further, the fact that Plaintiff received incorrect advice from his criminal counsel does not rise to the level of extraordinary circumstances such that equitable tolling is warranted.[3] *See Holland v. Florida*, 560 U.S. 631, 652 (2010) (attorney's unprofessional conduct rises to the level of an extraordinary circumstance warranting tolling of the statute of limitations only if the attorney violates "fundamental canons of professional responsibility"); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that attorney's failure to calculate the statute of limitations correctly and "and his negligence in general" were not the extraordinary circumstances needed to justify tolling the statute); *Little v. State*, 240 P.3d 861, 867 (Ariz. Ct. App. 2010) (attorney's excusable neglect does not warrant equitable tolling); *see also Panzino v. City of Phx.*, 999 P.2d 198, 201 (Ariz. 2000) (client is generally charged with acts and omissions of his attorney).

---

[3] And, even if Plaintiff did receive incorrect advice from his first attorney, he came to his current counsel in late 2015, yet he does not explain why he did not file this action until December 2016.

- 5 -

Finally, Plaintiff's mental health issues also do not warrant equitable tolling. While Plaintiff states that he "came to his present Counsel late in 2015 with great confusion about when it was appropriate to file litigation against Defendants," Plaintiff was evidently able to seek out advice from his present counsel about when to file suit, yet still delayed filing until December 2016. (Doc. 28 at 1). Nor does Plaintiff provide any evidence in support of this argument; he merely asserts that his reliance on his criminal defense counsel's incorrect advice in combination with his mental health issues is "certainly . . . the type of 'extraordinary circumstances' that justify the granting of an exceptional exception to the two (2) year statute of limitations." (Doc. 28 at 3). The Court disagrees. A bare assertion of mental health issues without any evidence in support falls far below the threshold necessary to justify equitable tolling. *See, e.g.*, *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (mental impairment must be so severe that plaintiff was unable rationally or factually to personally understand the need to timely file or participate in litigation to advance his interests); *Sowell v. Freescale Semiconductor, Inc.*, 2008 U.S. Dist. LEXIS 59702 (D. Ariz. July 25, 2008) (finding that evidence of cognitive function impairments, depression, anxiety disorder, etc. was insufficient to toll statute of limitations); *see also* A.R.S. § 12-502 (statute of limitations tolled if a person entitled to bring an action is of an unsound mind at and after the time the cause of action accrues); *Doe v. Roe*, 191 Ariz. 313, 326 (1998) ("it is insufficient to summarily claim 'inability to bring the action' . . . The plaintiff instead must set forth specific facts—hard evidence—supporting the conclusion of unsound mind."); *McCloud*, 217 Ariz. at 87 ("To establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments.").

Accordingly, based on the foregoing analysis, the undersigned concludes that Plaintiff's cause of action accrued no later than August 28, 2014, the date of his criminal arraignment and initial appearance. Because a two year statute of limitations applies to Plaintiff's claims against Defendants, Plaintiff's December 12, 2016 Complaint was

untimely filed. The undersigned further finds that Plaintiff has failed to show that sufficient circumstances exists to warrant statutory or equitable tolling of the statute of limitations.

**IV.    RECOMMENDATION**

Accordingly, the Magistrate Judge RECOMMENDS that the District Court enter an order GRANTING Defendants' Motion to Dismiss. (Doc. 23).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 16th day of August, 2018.

Eric J. Markovich
United States Magistrate Judge