**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Carter,<br><br>    Plaintiff,<br><br>v.<br><br>Greg Burgess, et al.,<br><br>    Defendants. | No. CV-16-00770-TUC-DCB(EJM)<br><br>**ORDER** |

This matter was referred to Magistrate Judge Eric J. Markovich, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on August 17, 2018. (Doc. 34: R&R). He recommends granting the Defendants' Motion to Dismiss the case as barred by the statute of limitations. Plaintiff admits the suit is untimely but asks the Court to apply equitable tolling and allow the case to go forward. The Court agrees with the Magistrate Judge that equitable tolling is not warranted and grants the Motion to Dismiss.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'"

*Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMENDATION

The Magistrate Judge considered Plaintiff's arguments for equitably tolling the two-year statute of limitations period. He found, and the Court agrees, that the statute of limitations period is not tolled by his or his attorney's confusion or mistaken belief that this case should not be commenced until his criminal prosecution ended. (R&R (Doc. 34) at 5) (citations omitted). Also, Plaintiff's mental issues do not warrant equitable tolling. "A bare assertion of mental health issues without any evidence in support falls far below the threshold necessary to justify equitable tolling." (R&R (Doc 34) at 6 (citing *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011) (mental impairment must be so severe that plaintiff is unable rationally or factually to understand need to timely file); (further citations omitted). "'[I]t is insufficient to summarily claim 'inability to bring an action' . . . The plaintiff must set forth specific facts—hard evidence—supporting the conclusion of unsound mind.'" *Id.* (quoting *Doe v. Roe,* 191 Ariz. 313, 326 (1998)).

Pursuant to 28 U.S.C. § 636(b), this Court makes a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing

*Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review is, therefore, waived, the Court, nevertheless reviews at a minimum, de novo, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) (providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law)). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court finds that the Plaintiff failed to show sufficient circumstances exist to warrant equitable tolling of the two-year statute of limitations.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 34) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 23) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff is proceeding here in forma pauperis under 42 U.S.C. § 1983. In the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith because an appeal would be frivolous as there is no substantial

/////

/////

| | |
|---|---|
| 1 | argument to be made contrary to this Court's determination recorded here. 28 U.S.C. |
| 2 | 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). |
| 3 | Dated this 7th day of January, 2019. |

_____
Honorable David C. Bury
United States District Judge